## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CINDY HAYES<br>114 W. Main Street<br>Somerset, Ohio 43783, | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| COLUMBUS STATE COMMUNITY<br>COLLEGE<br>550 E. Spring Street<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| -and- | )<br>) | |
| MARK DUDGEON<br>550 E. Spring Street<br>Columbus, Ohio 43215, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Cindy Hayes, by and through undersigned counsel, as her Complaint against Defendant Columbus State Community College ("CSCC"), states and avers the following:

### PARTIES, JURISDICTION, AND VENUE

1. Hayes is a resident of the city of Somerset, Perry County, Ohio.

2. CSCC is a corporation for non-profit that does business at 550 East Spring Street, Columbus, Franklin County, Ohio 43215.

3. CSCC is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

4. Mark Dudgeon is a resident of the state of Ohio.

5. Dudgeon was facilities director for CSCC.

6. All of the material events alleged in this Complaint occurred in Franklin County.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hayes is alleging a Federal Law Claim under the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601, *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

8. This Court has supplemental jurisdiction over Hayes's state law claims pursuant to 28 U.S.C. § 1367 as Hayes's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

10. On or about May 12, 2022, Hayes filed charges of age discrimination and retaliation ("Charges of Discrimination") with the Ohio Civil Rights Commission ("OCRC"), Charge No. 22A-2022-02810 against CSCC ("Hayes OCRC Charge #1") and Charge No. 22A-2022-02818 against Dudgeon ("Hayes OCRC Charge #2").

11. On or about September 1, 2022, the OCRC issued a Notice of Right to Sue Letter to Hayes regarding the Hayes OCRC Charge #1. The Notice of Right to Sue Letter has been attached as Exhibit A.

12. On or about September 1, 2022, the OCRC issued a Notice of Right to Sue Letter to Hayes regarding the Hayes OCRC Charge #2. The Notice of Right to Sue Letter has been attached as Exhibit B.

13. Hayes dually filed the Hayes OCRC Charges with the OCRC and the Equal Employment Opportunity Commission.

14. Hayes has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letters.

## **FACTS**

15. Hayes is a former employee of CSCC.

16. In May 2009, Hayes began working for CSCC.

17. Hayes initially worked for CSCC as a part-time grounds worker.

18. Most recently, Hayes worked for CSCC as a facilities grounds supervisor.

19. Hayes is 60 years old.

20. Hayes is female.

21. At all times relevant, Hayes was a member of a statutorily-protected class under R.C. § 4112.14(B).

22. Hayes was qualified for her position.

23. Hayes's manager was Dudgeon.

24. Dudgeon is about 15 years younger than Hayes.

25. Dudgeon is approximately 44 years old.

26. Dudgeon is male.

27. Dudgeon did not participate in the decision to hire Hayes.

28. In or about September 2020, Hayes had surgery.

29. In or about September 2020, Hayes was eligible for FMLA leave.

30. In or about August 2020, Hayes requested FMLA leave for her surgery.

31. In or about August 2020, CSCC approved Hayes's request for FMLA leave.

32. In or about October 2020, Hayes returned to work.

33. After Hayes's surgery, Dudgeon stopped speaking to Hayes.

34. Dudgeon treated Hayes differently than younger employees.

35. Dudgeon was friendly to young CSCC employees.

36. Dudgeon was not friendly to Hayes.

37. On or about April 6, 2021, Human Resources supervisor Julie Klinger told Hayes that CSCC was conducting an investigation regarding Hayes.

38. On or about April 6, 2021, Klinger did not tell Hayes the allegations against her.

39. No one at CSCC told Hayes the allegations made against her.

40. Hayes did not have an opportunity to defend herself when she learned about CSCC's investigation.

41. On or about April 27, 2021, a warehouse supervisor, Jackie Leisenheimer, interviewed Hayes as part of the investigation of Hayes.

42. On or about April 27, 2021, Leisenheimer asked Hayes if she enjoyed her job and wanted to remain employed there.

43. Leisenheimer asked Hayes if she enjoyed her job and wanted to remain employed there because of Hayes's age.

44. On or about May 7, 2021, Hayes sent a written complaint about discrimination to the Director of Equity and Compliance, Renee Fanbro ("Report of Discrimination").

45. In the Report of Discrimination, Hayes reported that CSCC was discriminating against her on the basis of age.

46. In the Report of Discrimination, Hayes reported that CSCC was retaliating against her for using FMLA leave.

47. CSCC was aware that Hayes complained of age discrimination.

48. CSCC was aware that Hayes complained of FMLA retaliation.

49. CSCC has a policy against discrimination.

50. CSCC has a policy against retaliating against employees for requesting FMLA leave.

51. CSCC has a policy to investigate reports of discrimination.

52. CSCC has a policy to investigate reports of FMLA retaliation.

53. An investigation should include interviewing the complainant.

54. An investigation should include interviewing the subject of the complaint.

55. An investigation should include interviewing the subject of the reported discrimination.

56. An investigation should include interviewing witnesses to the reported discrimination.

57. An investigation should include getting a written statement from the complainant.

58. An investigation should include getting a written statement from the subject of the complaint.

59. An investigation should include getting a written statement from the subject of the reported discrimination.

60. In response to Hayes's Report of Discrimination, CSCC did not interview Hayes.

61. In response to Hayes's Report of Discrimination, CSCC did not interview Dudgeon.

62. In response to Hayes's Report of Discrimination, CSCC did not interview witnesses.

63. In response to Hayes's Report of Discrimination, CSCC did not get a written statement from Dudgeon.

64. In response to Hayes's Report of Discrimination, CSCC did not get a written statement from witnesses.

65. Defendants did not investigate Hayes's Report of Discrimination.

66. In response to the Report of Discrimination, CSCC did not give Dudgeon a verbal warning.

67. In response to the Report of Discrimination, CSCC did not give Dudgeon a written warning.

68. In response to the Report of Discrimination, CSCC did not give Dudgeon a final warning.

69. In response to the Report of Discrimination, CSCC did not give Dudgeon a suspension.

70. In response to the Report of Discrimination, CSCC did not give Dudgeon a demotion.

71. In response to the Report of Discrimination, CSCC did not terminate Dudgeon's employment.

72. In response to the Report of Discrimination, CSCC did not discipline Dudgeon at all.

73. After Hayes complained of discrimination, CSCC hired a new operations manager, Billie Williams.

74. After Hayes complained of discrimination, Williams became Hayes's new manager.

75. Williams is younger than Hayes.

76. In or about 2021, Hayes had twelve years of grounds working experience.

77. In or about 2021, Williams had no grounds working experience.

78. Williams had less grounds working experience than Hayes.

79. Shortly after hiring Williams, Dudgeon gave Williams some of Hayes's job duties.

80. CSCC intentionally phased Hayes out by giving her job assignments to Williams.

81. On or about October 29, 2021, CSCC terminated Hayes's employment ("Termination").

82. On or about October 29, 2021, Rick Hatcher told Hayes about the Termination ("Termination Meeting").

83. Hatcher was vice president for CSCC.

84. Hatcher was not involved in the decision to hire Hayes.

85. In the Termination Meeting, Hatcher said that the reason for the Termination was that Hayes asked another employee for pay information ("Stated Reason").

86. CSCC employees' pay information is available to the public.

87. CSCC does not have a policy prohibiting employees from discussing pay.

88. The Stated Reason was not the real reason for the Termination.

89. The Stated Reason was not a sufficient basis to justify the Termination.

90. The Stated Reason was pretextual.

91. In the Termination Meeting, Hatcher pressured Hayes to sign a form stating that she was "voluntarily" resigning, effective December 1, 2021.

92. CSCC has a progressive disciplinary policy ("Discipline Policy").

93. A verbal warning is the lowest level of discipline in the Discipline Policy.

94. Hayes did not receive a verbal warning before the Termination.

95. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

96. Hayes did not receive a written warning before the Termination.

97. A termination is the highest level of discipline in the Discipline Policy.

98. Subsequent to Hayes' reporting of discrimination to her supervisor, CSCC terminated Hayes's employment.

99. CSCC knowingly skipped progressive disciplinary steps in effectively terminating Hayes.

100. CSCC knowingly terminated Hayes's employment.

101. CSCC knowingly took an adverse employment action against Hayes.

102. CSCC knowingly took an adverse action against Hayes.

103. CSCC intentionally skipped progressive disciplinary steps in terminating Hayes.

104. CSCC intentionally terminated Hayes's employment.

105. CSCC intentionally took an adverse employment action against Hayes.

106. CSCC intentionally took an adverse action against Hayes.

107. CSCC knew that skipping progressive disciplinary steps in terminating Hayes would cause Hayes harm, including economic harm.

108. CSCC knew that terminating Hayes would cause Hayes harm, including economic harm.

109. CSCC willfully skipped progressive disciplinary steps in terminating Hayes.

110. CSCC willfully terminated Hayes's employment.

111. CSCC willfully took an adverse employment action against Hayes.

112. CSCC willfully took an adverse action against Hayes.

113. On or about October 29, 2021, CSCC terminated Hayes's employment because of her age.

114. On or about October 29, 2021, CSCC terminated Hayes's employment in retaliation for her opposing age discrimination.

115. On or about October 29, 2021, CSCC terminated Hayes's employment in retaliation for her use of FMLA leave.

116. As a direct and proximate result of CSCC's conduct, Hayes suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF ADEA

### (Defendant CSCC)

117. Hayes restates each and every prior paragraph of this complaint, as if it were fully restated herein.

118. Upon hire, Hayes was 59 years old.

119. At all times relevant, Hayes was a member of a statutorily-protected class under R.C. § 4112.14(B).

120. CSCC treated Hayes differently from other similarly-situated employees based on her age.

121. At all times herein, Hayes was fully qualified for her position and employment with CSCC.

122. Hayes, at age 59, was a member of a statutorily-protected class under ADEA at the time she was terminated from her employment with CSCC.

123. Hayes was terminated from her employment on or around October 29, 2021.

124. After terminating Hayes, CSCC replaced Hayes with a person who was significantly younger and/or not belonging to the protected class under ADEA.

125. CSCC violated ADEA by discriminating against Hayes based on her age.

126. As a direct and proximate result of CSCC's conduct, Hayes suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (Defendant CSCC)

127. Hayes restates each and every prior paragraph of this complaint, as if it were fully restated herein.

128. Upon hire, Hayes was 59 years old.

129. At all times relevant, Hayes was a member of a statutorily-protected class under R.C. § 4112.14(B).

130. CSCC treated Hayes differently from other similarly-situated employees based on her age.

131. At all times herein, Hayes was fully qualified for her position and employment with CSCC.

132. Hayes, at age 59, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time she was terminated from her employment with CSCC.

133. Hayes was terminated from her employment on or around October 29, 2021.

134. After terminating Hayes, CSCC replaced Hayes with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

135. CSCC violated R.C. § 4112.02 by discriminating against Hayes based on her age.

136. As a direct and proximate result of CSCC's conduct, Hayes suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: RETALIATION IN VIOLATION OF ADEA

### (Defendant CSCC)

137. Hayes restates each and every prior paragraph of this complaint, as if it were fully restated herein.

138. As a result of CSCC's discriminatory conduct described above, Hayes complained about the age discrimination she was experiencing.

139. Subsequent to Hayes's reporting of discrimination to her supervisor, she was terminated on October 29, 2021.

140. CSCC's actions were retaliatory in nature based on Hayes's opposition to the unlawful discriminatory conduct.

141. Pursuant to ADEA, it is an unlawful discriminatory practice to retaliate against an employee for opposing age discrimination.

142. As a direct and proximate result of CSCC's conduct, Hayes suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

### (All Defendants)

143. Hayes restates each and every prior paragraph of this complaint, as if it were fully restated herein.

144. As a result of CSCC's discriminatory conduct described above, Hayes complained about the age discrimination she was experiencing.

145. Subsequent to Hayes's reporting of discrimination to her supervisor, she was terminated on October 29, 2021.

146. CSCC's actions were retaliatory in nature based on Hayes's opposition to the unlawful discriminatory conduct.

147. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

148. As a direct and proximate result of CSCC's conduct, Hayes suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: RETALIATION IN VIOLATION OF FMLA

### (All Defendants)

149. Hayes restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

150. During her employment, Hayes utilized FMLA leave.

151. After Hayes utilized her qualified FMLA leave, Defendants retaliated against her.

152. Defendants retaliated against Hayes by terminating her employment.

153. Defendants willfully retaliated against Hayes in violation of 29 U.S.C. § 2615(a).

154. As a direct and proximate result of Defendants' wrongful conduct, Hayes is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT VI: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

### (Defendant Dudgeon)

155. Hayes restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

156. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

157. Dudgeon aided, abetted, incited, coerced, and/or compelled CSCC's discriminatory termination of Hayes.

158. Dudgeon aided, abetted, incited, coerced, and/or compelled CSCC's discriminatory treatment of Hayes.

159. Dudgeon violated R.C. § 4112.02(J) by aiding, abetting, and inciting discrimination.

160. As a direct and proximate result of Dudgeon's conduct, Hayes has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Hayes respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring CSCC to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring CSCC to restore Hayes to one of the positions to which her was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Hayes for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Hayes claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Cindy Hayes*

**JURY DEMAND**

Plaintiff Hayes demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

13